**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DAMETERESE RANSAW, | ) CASE NO: 1:09-cv-2332 |
| Plaintiff, | ) |
| vs. | ) JUDGE WELLS |
| | ) MAGISTRATE JUDGE VECCHIARELLI |
| LEE LUCAS, et al., | ) |
| Defendants. | ) **ORDER** |
| | ) Doc. No. 98 |

Before the court is the motion of defendants Larry Faith, Matt Mayer, Chuck Metcalf, Richland County, Jamal Ansari, the City of Cleveland, Robert Cross ("Cross"), and Thomas Verhiley ("Verhiley"; collectively, "the movants") to stay discovery until the court has ruled on the pending motions to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] Doc. No. 98. Plaintiff, Dameterese Ransaw ("Ransaw"), opposes this motion. Doc. No. 101.

The movants argue that Ransaw's amended complaint fails to state claims against them. They have, therefore, moved for dismissal of those claims. The movants

---

[1] Plaintiff Lee Lucas also moves, in essence, for the court to decide his motion to dismiss before permitting discovery. See Motion to Dismiss Amended Complaint or, Alternatively, to Quash Discovery Requests, Doc. No. 95.

cite *Mitchell v. Forsyth*, 472 U.S. 511 (1985), for the proposition that when defendants raise the defense of qualified immunity, they are entitled to dismissal before the commencement of discovery whenever possible. Consequently, they move to stay discovery pending resolution of their motion to dismiss.

Ransaw responds that both the pending motions to dismiss and a stay of discovery contradict the court's previous order requiring 60 days of discovery before filing dispositive motions. Ransaw also contends that "each Defendant's central contention--that the Amended Complaint fails to meet the *Twombly/Iqbal* standard--has already been rejected by the Court with respect to the initial complaint, which included the same allegations, but with less factual detail." Opposition brief at 2. Ransaw concludes that because the pending motions to dismiss concern issues that are *res judicata*, they are barred by the law of the case.

Ransaw's arguments are without merit. Originally, all defendants except Lee Lucas ("Lucas") filed motions for summary judgment, and each raised qualified immunity as a defense. Although Lucas termed his dispositive motion a motion to dismiss, he also filed with the motion evidentiary materials that would have converted the motion to dismiss to a motion for summary judgment had the court considered them. *See* Fed. R. Civ. P. 12(d). As all defendants were arguing issues of fact rather than solely addressing the adequacy of the pleadings, discovery was required before the court could address the merits of the dispositive motions. For this reason, the court dismissed the motions and ordered discovery on the limited issue of qualified immunity, mindful that, whenever possible, defendants pleading qualified immunity should not be subjected to discovery.

2

Currently, however, all defendants have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[2] These motions argue for dismissal due to the inadequacy of the pleadings. Such motions may be resolved without discovery. Thus, although the court ordered discovery on the issue of qualified immunity based on the supposition that defendants intended to file revised motions for summary judgment, the filing of motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) obviates the need for such discovery.

Ransaw's argument that *res judicata* bars defendants' claims that the amended complaint is inadequate has no foundation in law. The court dismissed the first round of dispositive motions without prejudice. As the court has not addressed the merits of a claim that either the original complaint or the amended complaint fails to meet the standard described in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), Ransaw's argument that the issue of the adequacy of his complaint is *res judicata* is without merit.

---

[2] Defendants Cross and Verhiley have filed a motion to dismiss but have not specified which procedural rule applies to their motion. Cross and Verhiley argue that the cause of action against them in their official capacities pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), is barred by sovereign immunity and that the remainder of Ransaw's claims are inadequately pleaded. The court shall assume that dismissal on the ground of sovereign immunity is sought pursuant to Fed. R. Civ. P. 12(b)(1), see *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir. 1994), and the dismissal of all other claims is sought pursuant to Fed. R. Civ. P. 12(b)(6).

In addition, Cross and Verhiley have attached voluminous matters outside the pleadings to their motion and, at the same time, have joined the motion to stay discovery. As this court has already pointed out, consideration of matters outside the pleadings would convert Cross's and Verhiley's motion to a motion for summary judgment, and a motion for summary judgment is inconsistent with a stay of discovery in this case. Consequently, the court shall exercise its discretion not to consider the attached materials in adjudicating Cross's and Verhiley's motion. See *Batt v. United States,* 976 F. Supp. 1095, 1096-97 (N.D. Ohio 1997).

The Supreme Court directs lower courts whenever possible to resolve without discovery cases in which defendants plead qualified immunity. Ransaw offers no valid reason why this court should make an exception to that rule given the changed circumstances of this case. Consequently, the court shall proceed to the merits of defendants' motions to dismiss and stay discovery pending the outcome of those motions.

For the reasons given above, the court orders the following:

1. Discovery is stayed pending resolution of the defendants' motions to dismiss;

2. Ransaw shall respond to all motions to dismiss on or before May 7, 2012; and

3. Defendants shall have until May 17, 2012 to file a reply.

**IT IS SO ORDERED.**

Date: April 5, 2012            s/ *Nancy A. Vecchiarelli*
                                             United States Magistrate Judge