# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAMETERESE RANSAW, ) | CASE NO: 1:09-cv-2332 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE WELLS |
| vs. ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| LEE LUCAS, *et al.*, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | Doc. No. 152 |
| ) | |

This matter is before the undersigned United States magistrate judge on referral for general pretrial supervision, including the preparation of reports and recommendations on dispositive motions. (Doc. No. 103.) Currently pending before the Court is the joint motion of Defendants Larry Faith ("Faith"), Matt Mayer ("Mayer") and Chuck Metcalf ("Metcalf") (collectively, "Defendants"), to dismiss this case for lack of prosecution. (Doc. No. 152.) For the reasons set forth below, the magistrate judge recommends that Defendants' motion be GRANTED.

## I. Background

In February 2012, Plaintiff Dameterese Ransaw ("Ransaw" or "Plaintiff"), through counsel, filed an amended complaint against Defendants, who are Richland County Sheriff's officers, and numerous other law enforcement officers and municipalities, alleging violations of his civil rights related to his 2005 arrest and conviction, which arose out of a drug trafficking investigation in which Defendants participated. (Doc. No. 93.) Plaintiff asserted the following 42 U.S.C. § 1983 federal claims and state law

claims against Faith, Mayer and Metcalf: (1) malicious prosecution and fabrication of evidence, in violation of the Fourth Amendment; (2) violation of due process, in violation of the Fifth Amendment; (3) § 1983 conspiracy; (4) false imprisonment; and (5) intentional infliction of emotional distress. (*Id*.) Thereafter, all of the defendants in the case filed dispositive motions. Defendants Faith, Mayer and Metcalf filed motions to dismiss. (Doc. Nos. 94, 96.) In September 2012, the undersigned issued a report and recommendation that, *inter alia*, the motions to dismiss filed by Faith, Mayer and Metcalf should be denied with respect to Plaintiff's claims for fabrication of evidence, conspiracy and intentional infliction of emotional distress. (Doc. No. 114.) In November 2013, the Court issued an order adopting the undersigned's report and recommendation with respect to the motions to dismiss filed by Faith, Mayer and Metcalf. (Doc. No. 126.)

In January 2014, the undersigned conducted a case management conference, at which the parties agreed to a discovery schedule. (Doc. Nos. 133, 134.) In June 2014, counsel for Plaintiff moved to withdraw from representation in this case. (Doc. No. 141.) On June 16, 2014, the undersigned granted the motion of Plaintiff's former counsel to withdraw from representation in this case, and ordered Plaintiff, by or on July 14, 2014, to retain new counsel or notify this Court that he intends to proceed *pro se* in this matter. (Doc. No. 142.) Plaintiff failed to comply with the undersigned's June 16, 2014 Order.

On July 14, 2014, Defendants Larry Faith and Matt Mayer moved to vacate or extend the current deadlines in this case on the basis that Plaintiff has failed to cooperate in discovery, specifically by failing to respond to discovery requests and by

failing to attend a deposition in this matter that had been arranged while he was represented by counsel. (Doc. No. 143.) The undersigned granted the motion and, *inter alia*, ordered Plaintiff to attend a show cause hearing scheduled for August 13, 2014. (Doc. Nos. 144, 145.)

Plaintiff failed to appear at that hearing. The undersigned ascertained, however, that the Court did not have current contact information for Plaintiff and that, therefore, Plaintiff may not have received notice of the hearing. Accordingly, the undersigned directed Plaintiff's former counsel to provide the Court with the most recent contact information for Plaintiff in counsel's possession. (Doc. No. 147.) The undersigned also ordered Plaintiff's former counsel to certify that they sent Plaintiff a copy of the June 2014 order granting their motion to withdraw and directing Plaintiff to either retain new counsel or notify the Court that he intended to proceed *pro se*. (*Id*.) On August 18, 2014, Plaintiff's former counsel complied with the undersigned's order by: (1) providing their most recent contact information for Plaintiff; and (2) certifying that they sent Plaintiff a copy of the June 2014 order, and that someone had signed for that letter at that address. (Doc. No. 148.)

On August 19, 2014, the undersigned issued an order directing Plaintiff to respond to all outstanding discovery requests and to appear for a show cause hearing on August 28, 2014. (Doc. No. 150.) The order advised Plaintiff that failure to attend the hearing could result in sanctions, up to and including dismissal of this action. (*Id*.) The August 19, 2014 order to show cause was mailed to the address provided by Plaintiff's former counsel. (Dkt. Entry at 8/19/2014.)

Plaintiff failed to appear at the August 28, 2014 show cause hearing. (Doc. No.

151.) On September 2, 2014, Defendants filed a motion to dismiss this action for failure to prosecute. (Doc. No. 152.) The certificate of service reflects that they sent the motion to Plaintiff's last known address. (*Id.*) On September 4, 2014, the undersigned issued an order directing Plaintiff to respond to the motion to dismiss by September 22, 2014. (Doc. No. 153.) That order was mailed to Plaintiff at the address provided by Plaintiff's former counsel. (Dkt. Entry at 9/04/2014.) To date, Plaintiff has not responded to the motion to dismiss.

### III. Motion to Dismiss

Rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal under Rule 41(b) is "available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties. . . . A district court must be given substantial discretion in serving these tasks." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation marks and citation omitted; alteration in original). Except when otherwise stated in the dismissal order, a dismissal under Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

The relevant factors in a court's determination whether to dismiss an action pursuant to Rule 41(b) are well established:

> In the context of dismissal pursuant to Rule 41(b) for failure
> to prosecute, we look to four factors for guidance:
> (1) whether the party's failure is due to willfulness, bad faith,
> or fault; (2) whether the adversary was prejudiced by the

> dismissed party's conduct; (3) whether the dismissed party
> was warned that failure to cooperate could lead to dismissal;
> and (4) whether less drastic sanctions were imposed or
> considered before dismissal was ordered.

*Id*. "[A] case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id*.

Here, consideration of the relevant factors favors dismissal in this case. An individual accepted the letter sent by his former counsel to Plaintiff's last known address. None of this Court's correspondence to that address has been returned, or otherwise rejected on the basis that the address was incorrect or that Plaintiff no longer lives there. Moreover, Plaintiff has not provided this Court with any other contact information. Given this, the record supports the conclusion that Plaintiff received: (1) the June 2014 order instructing him to retain new counsel or advise this Court that he intended to proceed *pro se*; (2) the August 19, 2014 order to show cause and to respond to discovery; (3) Defendants' motion to dismiss for lack of prosecution; and (4) the September 4, 2014 order directing him to respond to the motion to dismiss. To date, Plaintiff's response to these items has been silence. Further, Plaintiff failed to attend a deposition that was scheduled with his former counsel to take place before his counsel withdrew from representation in this matter. These circumstances support a finding that Plaintiff's failure to prosecute this action is at least willful, and suggest that Plaintiff has abandoned this case. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 739 (6th Cir. 2008) (finding that the plaintiff's failure to re-file his complaint within the time allotted by the court, as well as his failure to respond to a motion to dismiss, "shows willfulness and fault in that he was at best extremely dilatory in not

5

pursuing his claim, which indicates an intention to let his case lapse"). This factor favors dismissal.

In the context of a Rule 41(b) dismissal, a party is prejudiced by the dismissed party's conduct where the party seeking dismissal "was . . . required to waste time, money, and effort in pursuit of cooperation which [the dismissed party] was legally obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Here, as a result of Plaintiff's conduct, counsel for Defendants have: prepared for a deposition that Plaintiff failed to attend; filed a motion to extend discovery deadlines on the basis of Plaintiff's lack of cooperation; and attended show cause hearings resulting from Plaintiff's failure to prosecute this case. In other words, counsel for Defendants have wasted time and money pursuing Plaintiff''s required cooperation. This factor weighs in favor of dismissal.

The third and fourth factors also favor dismissal. The undersigned's August 19, 2014 order warned Plaintiff that failure to respond to the outstanding discovery requests, or failure to attend the show cause hearing, could result in the dismissal of his case. (Doc. No. 149.) Further, Plaintiff entirely ignored the undersigned's efforts to obtain his cooperation through the lesser sanction of a show cause order. Plaintiff's complete failure to prosecute this action renders any other sanction either impossible to impose or futile. *See, e.g., Calkins v. Pacel Corp.*, 602 F. Supp. 2d 730, 736 (W.D. Va. 2009) ("Given these circumstances, one can only conclude that Pacel is either deliberately proceeding in a dilatory fashion or purposely ignoring the Court's orders and the claims of opposing counsel in hopes that it will somehow avoid liability. Since Pacel has not even bothered to inform the Court of its address or the status of its efforts

to secure counsel, it remains to be seen how the Court could impose any sanctions short of dismissal."). Plaintiff's failure to cooperate in this case reflects a clear pattern of contumacious conduct that merits dismissal under Rule 41(b).

### IV. Conclusion

For the reasons given above, it is recommended that Defendants' joint motion to dismiss for failure to prosecute (doc. no. 152) be GRANTED.


Date: October 3, 2014                              s/ *Nancy A. Vecchiarelli*
                                                   United States Magistrate Judge

### **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**